UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) CASE NO. 19-sw-5775-NRN<br><br>**Filed Under Restriction** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under restriction from public access this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require VSAT, a Cellular Service Provider located in Bedminster, NJ, to disclose certain records and other information pertaining to the cell phone number(s): (724) 309-5946 and (724) 832-1026. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. VSAT is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require VSAT to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and/or a remote computing service, and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.  The United States is investigating criminal activity involving murder of a United States national. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 1119 (Foreign murder of United States nationals).

5.  Subject Lawrence Rudolph and victim Bianca Rudolph were hunting in Zambia in October 2016 when on the morning of October 11, 2016, Bianca Rudolph was shot in the heart inside the cabin she shared with Lawrence Rudolph.  Lawrence Rudolph stated he was in the bathroom when the gun went off and it was an accident as she was packing the guns in order to go back to the United States.  When Bianca Rudolph was shot, the shotgun was still in the soft gun case.  Lawrence Rudolph also received approximately $5 million in life insurance upon the death.  At the time of death, Lawrence Rudolph was having an affair with Lori Milliron. Lawrence Rudolph refused to contact his family after Bianca Rudolph's death until he returned to the United States.  Lawrence Rudolph cremated Bianca Rudolph's body three days after her death in Lusaka, Zambia.  A hunting guide, Mark Swanepoel, assisted Lawrence Rudolph

2

throughout the process after the death of Bianca Rudolph and had a long term friendship with Lawrence Rudolph. In January and March 2017, Swanepoel received $30,000 and $23,000, respectively from Lawrence Rudolph. The telephone accounts were found to be associated with the subject through open source research and the subject providing it to the Zambian Police Service.

## REQUEST FOR ORDER

6. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that VSAT be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of the service of the Order.

7. The United States further requests that the Order require VSAT not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a period of one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to

believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

8. The United States further requests that the Court order that this case, namely the application and any resulting order, be restricted from all public access until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to restrict these documents from public access because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JASON R. DUNN
UNITED STATES ATTORNEY


*s/ Kurt Bohn*
Kurt Bohn
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado  80202
(303) 454-0100
Email: Kurt.Bohn@usdoj.gov
Attorney for the Government