IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 19-sw-5775-NRN<br><br>**Filed Under Restriction** |

## MOTION FOR ORDER TO EXTEND NON-DISCLOSURE DATE

The United States of America, by and through Bryan Fields, Assistant United States Attorney, moves the Court to enter an Order that extends for a period of one year its previous order that VSAT ("Provider") not notify the listed subscribers, customers, or any other person of the existence of the previously-issued Application Of The United States For An Order Pursuant To 18 U.S.C. § 2703(d) ("Application and Court Order"), except as necessary to comply with the Court's Order or to obtain legal advice, until further order of the Court. 18 U.S.C. § 2705(b).

1. On July 31, 2019, this Court entered an Order in the above-captioned case, which *inter alia,* ordered Provider not to disclose the Order for a period of one year, certain records and other information pertaining to VSAT cellular telephone number(s): (724) 309-5946 and (724) 832-1026. The government now seeks an additional one-year extension of that non-disclosure order on the grounds that the facts stated in support of the original motion still exist. LAWRENCE RUDOLPH is aware of the investigation, as a result of having been notified by others who were questioned by the FBI. However, he is not aware of details of the investigation, including the FBI's interest in determining whether there is digital evidence related to possible motives for the crime. Disclosing the orders and alerting others to the digital aspects of the investigation could cause RUDOLPH, Milliron or others to delete stored digital communications. Accordingly, there is reason to believe that notification of the existence of the requested Order

1

will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers, in the cloud, or on telephones and other media devices.  If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.  Finally, LAWRENCE RUDOLPH frequently travels outside the United States.  If given additional information about the progress of the investigation, he could flee outside the jurisdiction of the United States.. Accordingly, it remains necessary to maintain the secrecy of individual investigative steps that could change patterns of behavior.

    2.    For the reasons stated above and pursuant to the Court's authority under Title 18, United States Code, Sections 2703(b)(1)(A) and 2705(b), the United States respectfully requests that this Court extend for a period of one year its previous Order directing the Provider not to disclose the existence or content of the any of the documents in the above-named matter except to personnel essential to compliance with the execution of the Court's Order or to obtain legal advice.

3. Additionally, because this case remains under restriction for the reasons stated above, the United States requests that this Motion and the Court's Order be restricted at Level 3 until further order of the Court.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney


*s/Bryan Fields*
BRYAN FIELDS
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: Bryan.Fields@usdoj.gov
Attorney for the Government
